Good morning. The issue in this case is what is the appropriate procedure for further litigation once a two-judge panel has denied a request for a Certificate of Appealability in the first instance. The ultimate issue is whether such denials need to be reviewed by a three-judge panel or whether the applicant must be allowed to petition the Court for a rehearing en banc. The procedure in this circuit appears to be that Certificates of Appealability are decided by two-judge panels, and if they are denied, there doesn't seem to be an issue. Well, when you say two-judge panels, they're considered by two judges, but they're really not decided by the panel. Any one judge can issue it. It's not a majority rule. That's correct. So when you say two-judge panels, I'm not sure what you mean. Or motions panel, Your Honor. It appears to be that the ---- Two judges hear the motion. Two judges are present and consider the Certificate of Appealability, but I was just questioning your use of the word panel. It's not a panel in the sense that if two judges agree, you go to a third judge who resolves it. If both judges ---- if neither judge believes the certificate ought to be issued, it doesn't issue. If one judge believes the certificate ought to issue and the second judge believes it ought not to issue, certificate issues. It's a one-judge decision. It just happens to be that it gets presented to judges at the same time. That's correct. But I think the issue is when two judges have denied a Certificate of Appealability and the applicant wishes to further litigate the propriety of that decision, the ---- this circuit's customary practice, it doesn't appear to be any set specific rule and or published decision that has come down, but this Court's practice in noncapital cases is not to permit petitions for rehearing en banc, but only motions for reconsideration. And in the U.S. Supreme Court held in Hone v. United States that a Certificate of Appealability request is a case. You're not surprised you've read Hone. I wondered if you'd read it. It says just the opposite of what you seem to think it says, at least in my view. I thought, well, you haven't read that, and I thought you might not have read Ingray-Burwell. Have you seen it? 250 U.S., 521, 522, 1956. It is for the Court of Appeals to determine whether such an application under 28 U.S.C. 2253 is to be considered by a panel of the Court of Appeals, by one of its judges, or in some other way deemed appropriate by the Court of Appeals. That's a specific language lifted right from the case. Did you read it? Your Honor, I'm sorry. Could you repeat the citation again? 250 U.S., 521, at 522, it's a 1956 opinion. It hasn't ever been overruled, so to say. It's been there all those years. And what I read to you is precisely what it says. It's the language. But, Your Honor, in 1956, the AEDPA had not been enacted. The Certificates of Appealability had not been. We're moving forward, and I think So that overruled the Supreme Court case, you think? Well, Your Honor, I would respectfully disagree with the applicability of that decision in light of the fact that it is way before the AEDPA. If we're talking about Hone v. the United States, in which the rules were all changed under the AEDPA, and the Court had to decide whether it had jurisdiction to determine whether a COA should be used. Under language from Hone, which I hope you saw, at page 244, Rules 1 or 2B by no means prohibits application to an individual judge, nor could it, given the language of the statute. I agree that I hope you agree, but if you don't, it doesn't make a lot of difference because we're going to follow the Supreme Court. I agree, Your Honor, that one judge can grant a COA. I think the issue is what happens when a COA is denied? If it's the case, should three judges be the ones to determine whether or not that should be ultimately denied in the final analysis? Should the rules of this Court state that motions that dispose of an appeal, of which the COA denial is the end of the line for these litigants, and therefore should not, under all of the other rules combined with Hone, with the local rules, with 28 U.S.C. 46B, which says that cases and controversies may be decided by separate panels consisting of three judges, that the issue is not whether one judge can grant it, but whether in the end, in the long run, that the last word will be determined by three judges and whether or not that Petitioner has a right to petition for rehearing on Bach. And there are three circuits that do permit that. Well, just separating the two questions from Bank versus three judges, I mean, they're slightly different questions. I'm not sure, again, what you mean by will three judges determine it. Normally when we say will three judges determine it, we say, well, we'll hear the case, and we need two votes out of three to prevail. But this is in no way a three-judge decision. If you had 15 judges hearing it, and 14 said you don't get a certificate of reliability, and one judge said, I think you get a COA, you get a COA. If you have three judges, that's the same. Two judges are the same. It's by statute, it is a, by under 2253, it is, it says a judge, this is 2253c1, unless a circuit judge or judges issue a certificate of appealability. So the decision, the ultimate power to grant all these things resides in a single judge, no matter how many other judges have to be present in the room when the decision is made. So it's, it's, it's, that's part of it I have some difficulty with. I think my So you're saying it's decided by three judges. Right. I think that perhaps the way, the better way to put it is, once the initial determination of a COA has been decided and it's been denied, what is the appropriate procedure for review of that denial? Okay. And what evidence do you have as to what, did you file a petition for a hearing in bank? I did not in this particular case, because, Your Honor, having litigated quite a few denials for COAs, and having conferred with many of my colleagues regarding the denials of COAs when an order by a two-judge panel, and in the past, having filed petitions for rehearing on bank, which require, of course, 50, you know, copies of the petition, the orders have always come back saying that the petition for rehearing and suggestion for rehearing on bank is being construed as a motion for reconsideration and so construed it is denied. And therefore, given that these litigants are poor, many of these lawyers are doing these cases pro bono, to constantly submit 50 copies of a petition for rehearing on bank when you know it's not going to be construed as anything other than a motion for reconsideration by the same two judges that ruled on it in the first place becomes a futility. I think what one of the problems is, is that this Court needs to also clarify further by either a rule stating what is the procedure if the COA has been denied and or by a published decision. Because given that there are three circuits, the judge cited the third, the fourth and the eighth circuit, that specifically allow the applicant to seek further review of that initial denial by a three-judge panel and also to file petitions for rehearing on bank, and that's what this is about. It's about further litigation. Because the U.S. You can file a cert petition in the U.S. Supreme Court. The Supreme Court has, in like, for example, in the Miller L case, ruled that a COA should have been granted. So given that this is the end of the line for the applicant, I think it's the review of that initial denial that is that issue in this case. Kennedy. I'm just wondering whether how your client is in a position to litigate that issue, not having tried to file such a thing. I think based upon the Court's contingency notice of other things. Your Honor, I think the Court can take judicial notice of the – and I've cited and I've provided the Court with two other examples, one of my case and one of somebody else's case, in which that was – that was the petitions for rehearing on bond were not permitted. And given that there isn't any rule stating this is the proper procedure to follow and the motion for reconsideration was granted, so I think that the Court has the right to do that. And given the fact that there isn't any rule setting out what the procedure is, I think that this can be followed. I was really more wondering as a matter of standing, your client has been aggrieved by this supposed practice, or maybe this actual practice, and I'm just wondering whether this is the right – whatever happens in his case, it's not going to make any difference, because he got a certificate of appealability in this sentence. I mean, would it make – could it make a difference in this case? Well, I think the certificate of appealability is an issue. He didn't get the certificate on the issue that he wants to appeal, did he? I'm sorry? He didn't get the certificate on the issue he wants to appeal, did he? There were four issues appealed, and he did not get a certificate of appealability on – it was just denied outright. And he – you know, I filed a petition. You didn't move here, as you could have, to expand the certificate. It's too late, really, now to petition that – to get an in-bank reconsideration of the decision not to deny the certificate on those other issues, isn't it? Well, an expansion of certificate of appealability, as far as I understand, is if it's been granted on one issue and on the others. I mean, here the certificate of appealability was issued on the procedural question of what is the appropriate – You could have, in your brief, asked – or you could have filed a separate motion asking for expansion of the certificate to deal with the substantive question. It's a little bit of a conundrum. I see that your Court – I see the Court's point. I guess, given that the certificate of appealability was issued on that one thing, the relief asked for is that the – Could you move for in-bank on that decision now? I believe now, given that there's a three-judge panel deciding over the – Well, but you haven't asked us to expand it, so that issue is not before us. So you had a bunch of issues raised before the motions panel. It denied the certificate of appealability on those issues. That question is not before us because you haven't presented it in your brief. You haven't asked us to expand it. So I'm just wondering, on the question of whether or not you can get in-bank rebuild, is it too late for you to seek in-bank rebuild of the decision to deny it? And if it is, I'm also wondering whether we can really speak to this as sort of advisory. Well, it's an interesting question. I did, in this brief, I did ask the Court, in the alternative to grant the certificate of appealability on the one particular issue that – on the reasonable doubt instruction. You did? Yes, I did. Okay. I did. All right. Thank you. I guess I'll save the rest of my time for rebuttal unless there are other questions. Good morning, Your Honors. California Deputy Attorney General Alan Tate on behalf of the warden in this case. I'd like to, I think, bring the argument back to the actual issue that I think was certified and whether this Court's procedure in having certificates of appealability initially addressed by two judges is improper. And I think, as we pointed out in our brief, the various – well, specifically honed that the Petitioner specifically relies on doesn't really address that question at all. It does refer to the denial of a COA as a case, but I don't think that ends the question there. I think we look at the various relevant statutes, whether it be 28 U.S.C., 46. Well, 46 says the cases have to go to panel. Column says – column says this is a case. And 46 says cases have to be heard by panels. Well, you know, my reading of 46B specifically is it may authorize the hearing of and determination of cases and controversies by separate panels of three judges. And that – they use the word may there. If you look at 46C, it says it provides that cases and controversies shall be heard and determined by a quarter panel of not more than three judges. So I don't think it's clear there that 46B requires a determination of a COA. Do you question this to say that we could take our entire docket and have it all heard by one judge – one judge panels? No. So the motion of Judge Ferris and I could go home, and Mr. Levin could just decide the cases that are made of the calendar? No, I don't believe so, but I think this is – Well, I think if that flows from your suggestion that of not more than three – I'm sorry, the subject – your argument based on the word may. Well, I think that statute has to be read in conjunction with other applicable statutes in the Federal Rules of Appellate Procedures, which I believe were passed by statute. And specifically here, 2253, regarding Certificates of Appealability, and they can be addressed by a single judge. And the Federal Rule of Appellate Procedure 22-1 that refers to Certificates of Appealability and seems to give the Court discretion as to the number of judges to hear such requests. And looking at the various even general orders that seem to be consistent with that, I think it all has to be read together. And I think it's clear that the courts, through the statutes in the – well, the legislature through the statutes in the rules gives the Courts of Appeal discretion on how to address these things. And I think specifically we look – we can see where the different circuits are doing it differently. Both the Eleventh and the Fifth Circuit allow a Certificate of Appealability to be addressed by a single judge. The Fourth Circuit, although it goes to a panel of three judges, recognizes that the Federal Rule of Appellate Procedure 22 gives them discretion in that matter. And then if you look at the Seventh Circuit, it appears to be a procedure very similar to what this Court uses. Well, Rule 22, so the hierarchy is constitutional statutes, rules, Federal rules, rules of court, general orders. That's the hierarchy. Of course. And so far as the rule is consistent with the statute, the rule has to give way because, as you know, the rules are not passed by the legislature. They have a legislative authorization, but they are in the nature of regulations. So I'm not sure the rule helps you very much. I find it difficult to reconcile the language of Section 46 on Harlan with the practice of having two judges hearing it. Well, I think Section 46 is a general statute that seems to refer to many motions in general and merits motions. And I think it's been generally applied in reported cases as it goes to merits decisions. But I think if we look at another statute in this case, 28 U.C. 2253, it specifically states in relation to Certificates of Appealability that only one circuit judge need consider a request for a Certificate of Appealability in Avis purpose. Well, how does that contradict 46? 46 says three judges hear it. 2253 say one judge decides. You've got to have three people present. 4253 then tells you how many it takes to decide. Normally, of course, it's done by majority rule. But then 2253 says, no, in the case of the COA, maybe because the legislature was concerned that not enough of these would be granted and folks in your office wouldn't get enough work to do. That hasn't been a problem. It hasn't. But, you know, for whatever reason, they say, well, three judges meet, one judge can issue it. What's inconsistent about that? Well, I think there again, if we look at the statute. Well, nonsensical. I mean, what's? No, I think there again, if we look at the statutes and the rules that apply to Certificates of Appealability, the Court has great discretion in how to do it. But the question here is whether it's improper for this Court to initially have. I'm sorry. You say the Court has great discretion. Where does the discretion come from? 46 says panels each consisting of three judges. I don't see any discretion there. Let's say one has four judges or seven judges or two judges. We couldn't do it. The statute doesn't give us that discretion. So there's no discretion there. Well, where do you find this discretion? Well, I think looking directly at 46B, it says may authorize the hearing and determination of cases and controversies by separate panels of three judges. And that in. Okay. What's the alternative to may? May not? Well, I think if they were mandating that every motion or any request in the Court of Appeal be considered by a panel of three judges, I think they would have used the word shall. But the fact is 46C, which follows that sentence, says shall be heard and determined by a quarter panel of not more than three judges. And it would seem like that is expressly consistent with 2253C, which. Why don't you talk about how Burwell figures into this? Well, I have to admit that I'm not familiar with Burwell. I didn't cite to it. It didn't seem necessary.  Burwell is the case that Judge Ferris mentioned. Right. That's the Supreme Court case that says the old certificates of probable cause can be heard by a panel of the Court of Appeals or by one of its judges or in some other way deemed appropriate. I would. You know, I'm not. Since you're not familiar with the case, I'll just tell you that that's what the case holds. And then it seems to me the next question is whether the ADEPA statute changes that result when we're talking about certificates of appealability instead of certificates of probable cause. And then I guess the way I reason this out, and tell me if I'm missing the boat here, when ADEPA came into law, it specifically said when you're dealing with applications for second or successive petitions, those have to be heard by three judges. But it seems to have left unchanged the statute dealt with in Burwell. I would agree with that. And it sounds like from the language in Burwell, that might be at least part of the genesis of Rule 22-1, which seems to give the courts discretion and allow COAs to be heard by a single judge. I don't think there really has been any change, even though there was a slight How about the adoption of Rule 28 U.S.C. 46? How about the adoption of that? You know, there again, I think I've said everything I can about really 46B. It seems to also The question was, you said nothing has happened. I said, how about the adoption of 46 since then? I believe 46 was passed since then. I'm not exactly sure when 46 was passed. Well, assuming it was passed since then, do you think that might be a significant change? Well, I think that change has to be considered in conjunction with the statutes that specifically apply to habeas corpus and specifically apply to certificates of appealability, which there again seem to just reiterate what apparently was held in Burwell, that there's discretion in addressing and granting or denying certificates of appealability. I'd also like to point out that the appellant in this case seems to ask for additional guidance from this Court as to what a defendant is supposed to do when a certificate of appealability is denied. And I think this Court has taken a step in that direction after briefing in this case, or at least after I filed my brief in this case. I think the local rules to federal rule of appellate procedure 22-1 had been modified to specifically authorize a motion for reconsideration following the denial of the certificate of appealability. So even though some of the rules indicate that motions for reconsideration seem to be disfavored, it seems to be that it's specifically authorized now under these circumstances. And beyond that, I also have to assert that it appears, I don't know that the Court would even get to this question, that there is nothing in the Ninth Circuit rules or practice to prevent the petition for rehearing or rehearing on Bach from a denial. And it would seem consistent with Hone to allow such a procedure. But I would just, getting back to the initial question in this case, I think the statutes that we rely on, the rules we rely on give this Court discretion to continue with the procedure that they have been using by apparently having two judges consider a request for certificate of appealability. And unless there's any additional questions, we'd be happy to submit. Okay. Thank you. Thank you very much. Thank you, Mr. Smith. Did you have something else? All right. We'll give you 30 seconds. The, I think the important thing is, is that this Court does need to clarify what are the procedures for further review of a denial of the COA. In Phelps v. Alameda, this Court recently determined that a merits panel can review a COA which was granted and determined that it should not have been granted. So there's, you know, or improvidently granted. But we're, lawyers and litigants and petitioners are in need of advice from this Court on further review of the denial of the COA. Thank you. Okay. Case is signed. We'll stand for a minute. You know, you had said you were reserving your time. But the reason Judge Kaczynski looked as he did when you said you were about to come forward, you used more than your time, your first time up. The Court wasn't cutting you short when he said he'll give you 30 seconds. He was really giving you 30 seconds. Perhaps I didn't hear you very well. I'm sorry. Yeah, you had like minus 3 1⁄2 minutes. Pardon me? When you sat down, you had minus 3 1⁄2 minutes. Oh, okay. You owed us time. I thought I saw some more time. Well, there were minutes there, but they had gone into negative numbers. Thank you for... Okay. We'll hear the next case on the calendar, which is Laroulet v. Ashcroft. Laroulet. Laroulet v. Ashcroft. Counsel will tell me how it's pronounced.
judges: Farris, Kozinski, Silverman